DANIEL H. DORSETT

*v.*

GEORGE W. CLOTHER.

*Filed at Ottawa May 14, 1890.*

EVIDENCE—*relevancy—as to the fact of the execution of a promissory note.* In a suit upon a promissory note purporting to have been given by A, B and C, the last two having been partners, it appeared that the note was claimed to have been given in settlement of a draft drawn by D, the agent of B and C. A denied the execution of the note under oath, and testified that he never executed it, while three witnesses testified to A's admission of his having executed the note, and his promise to pay it. A then offered to prove that he had been the manager of B and C for some time, and that they, on the presentation of the draft mentioned, refused to pay it, for the reason it was not drawn against a bill of lading attached in the usual form, or to give their note therefor,—which the court refused to admit : *Held*, no error in excluding the evidence, as the refusal to give a note for the draft did not prevent a subsequent recognition of the debt and the execution of the note for its payment, and as the draft may have been properly drawn, notwithstanding the omission of a bill of lading accompanying it.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. H. T. & L. HELM, for the appellant.

Messrs. LYMAN & JACKSON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

This suit, as it was when tried in the circuit court, was an action of assumpsit by appellee, against appellant, on a promissory note, purporting to be executed by J. D. Howard, Robert White and appellant, jointly, to appellee, for $775, payable sixty days after date. The pleas were, general issue, and that J. D. Howard and Robert White were not partners of appellant at the time of the supposed undertaking, each verified by the affidavit of appellant.

Upon the trial, appellee introduced three witnesses, who each testified that appellant admitted to them, at different times, that he had executed the note and made promises of payment to appellee. Appellant testified as a witness in his own behalf, and denied that he executed the note, and also denied that he had admitted that he had executed it, as testified by the witnesses on behalf of appellee.

As we understand the record, the evidence tends to show that the note was given in lieu of a draft for a like amount previously drawn by one Lot on J. D. Howard & Co.,—J. D. Howard & Co. being the J. D. Howard and Robert White whose names appear to this note; and appellant offered to prove, but the court rejected the evidence, that the firm of J. D. Howard & Co. had failed in the fall of 1878; that appellant had been their manager for nearly one year prior to that date; that appellee came to their office and represented that Lot had obtained money by drawing a draft on the bank at Columbus, Nebraska, for the amount of $775, and that they refused to pay the draft, giving as a reason that it was not drawn against a bill of lading attached, in the usual way; that appellee insisted upon his claim, and wanted J. D. Howard & Co. to give their note in settlement of Lot's indebtedness, but they refused to do so. There were some other offers of evidence, in slightly different language, which were rejected by the court, but the effect was simply to prove a repudiation of the claim for which the note was given, prior to the date of its execution. This ruling presents the only question of law for our consideration.

We are unable to say that there was error in the ruling. This rejection of appellee's application did not prevent a subsequent recognition of the debt, and the execution of the promissory note for its payment. The draft, for aught that is proposed to be shown, may have been properly drawn against J. D. Howard & Co., notwithstanding the omission of the bill of lading accompanying it, and they may, subsequently, have

become satisfied of that fact, and executed the note. The proposed evidence is too remote. It has no tendency to prove that the signature here is not that of appellant, and it does not contradict the witnesses who testify that he admitted that he had executed the note.

The other questions are fully settled by the decision of the Appellate Court, and require no consideration at our hands.

The judgment is affirmed.

*Judgment affirmed.*